IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, also known as POLITICAL PRISONER,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., et al,<br><br>Defendants. | Civil Action No. 2: 16-cv-0627<br><br>Cathy Bissoon,<br>United States District Judge<br><br>Cynthia Reed Eddy,<br>United States Magistrate Judge |

## REPORT & RECOMMENDATION

**Recommendation**

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

**Report**

A.     Procedural History

Plaintiff, Alton D. Brown, a self-proclaimed Political Prisoner, is a Pennsylvania inmate under the custody of the Department of Corrections ("DOC") and currently housed at the State Correctional Institution ("SCI") at Greene, located in Waynesburg, Pennsylvania.

Brown initiated this action on May 13, 2016,[1] by the filing of an application to proceed *in forma pauperis* with an attached Complaint (ECF No. 1) naming as defendants three corporate

---

[1] The Court has applied the "prisoner mailbox rule" and deemed the Motion for Leave to proceed *in forma pauperis* to be filed on the date the document was signed by Plaintiff and presumably "delivered to the prison authorities for forwarding to the court clerk." *Bond v.*

1

entities who have contracted with the DOC to provide medical services to Pennsylvania inmates (Wexford Health Sources, Inc., Corizon Health, Inc., and Correct Care Solutions, LLC) and numerous medical personnel contracted to provide the medical services to the inmates. Brown alleges in his eighteen (18) page handwritten complaint that, since medical officials diagnosed him with Hepatitis C in 2000, defendants have refused to provide appropriate medical care for his liver disease, including providing an adequate diet, and have refused his requests for a new drug treatment, which eliminates Interferon as part of the Hepatitis C treatment regimen. The Complaint raises 10 claims: negligence (Counts I, VI, and VIII), malpractice (Count II, III, IV, and V), intentional infliction of emotional distress claim (Count VII), equitable estoppel (Count IX), and denial of medical care in violation of the First and Eighth Amendments to the U.S. Constitution (Count X).

Since federal courts have repeatedly denied Brown's requests for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), Brown includes the following specific allegations of imminent danger in the instant complaint:

> 28. As a result of the Defendants' refusal to provide comprehensive, complete, and adequate diagnosis and treatment for Plaintiff's liver disease and related symptoms, he now suffers from intense recurring pain in the stomach / liver area; progressive weight lost, which has intensified since being housed at SCI-Greene, where he has lost approximately 40 lbs since May 11, 2015; and, worsening of the symptoms. . . .
>
> 29. Plaintiff has also suffered psychologically and emotionally due to the fact that the Defendants' have made known that their mistreatment of his liver disease and related acts, are done intentionally to promote suffering and further damage to his major organs.
>
> 30. Defendants' purposeful mistreatment also poses an immediate threat to his other chronic serious diseases (cancer; COPD; GERD), and to an untimely death.

---

*VisionQuest*, 410 F. App'x 510, 514 (3d Cir. 2011). The Court notes that the Complaint was signed on April 18, 2016. Both documents were received by the Court on May 17, 2016.

66. The repeated refusal to provide for Plaintiff's nutritional needs places Plaintiff in imminent / ongoing danger of additional serious injury to his body and related suffering . . . .

67. Defendants' refusal to provide Plaintiff with medical treatment for his chronic liver disease is done for non-medical reasons, and places him in imminent danger and ongoing danger of additional damage to his liver and body and related suffering . . .

B. Relevant Law

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows "[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action" to proceed "without prepayment of fees or security therefor," if the prisoner can demonstrate that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(2); *Ball v. Famiglio*, 726 F.3d 448, 451–52 (3d Cir. 2013). However, the Prison Litigation Reform Act prohibits a prisoner from bringing a civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Ball*, 726 F.3d at 467.

C. Discussion

Brown, as this Court has noted before, is a serial pro se prisoner filer of lawsuits. *See Brown v. Secretary, Pennsylvania Department of Corrections*, 486 F. App'x 299, 302 (3d Cir. 2012) ("We are cognizant of the fact that Brown has an extensive history of litigation, and we share the District Court's concerns that his claims of imminent danger have been included in his complaint solely to avoid application of the 'three strikes' provision set forth in § 1915(g)"); *Brown v. Lancaster*, 2014 WL 1315996 (W.D.Pa. 2014) (detailing Brown's history of abusive

litigation). In fact, as a result of his litigious behavior, on February 23, 2009, the Supreme Court of the United States denied Plaintiff's motion to proceed *in forma pauperis* and prohibited its Clerk of Court from accepting any further petitions from Plaintiff in noncriminal matters unless he pays the docketing fee. *See Brown v. Pa. Dep't of Corr.*, 555 U.S. 1161 (2009).

Plaintiff is also no stranger to being denied *in forma pauperis* status and the Court takes judicial notice of the fact that Plaintiff has at least "three strikes" within the meaning of 28 U.S.C. § 1915(g).[2] *See Brown v. Blaine,* C.A. No. 04-4618 (3d Cir. Aug. 19, 2005) (listing strikes and denying IFP status pursuant to § 1915(g)); *Brown v. Blaine,* C.A. No. 03-2439 (3d Cir. Mar. 18, 2004) (same); *Brown v. Wetzel*, C.A. No. 15-cv-00645, Memorandum Order (W.D.Pa. filed July 22, 2015) (same) (ECF No. 15), adopting report and recommendation (filed June 11, 2015) (ECF No. 2). Because Brown has had three prior qualifying dismissals, 28 U.S.C. § 1915(g) prohibits this Court from allowing him to bring this action *in forma pauperis* unless he is in imminent danger of serious physical injury.

The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (internal citation omitted). "[A] prisoner's allegation that he faced danger in the past" does not satisfy § 1915(b)'s imminent danger exception. *Id*. at 311.

---

[2] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

4

Plaintiff's submissions do not show that he is in imminent danger of serious physical injury. First, any claims relating to Plaintiff's medical care, or lack thereof, while he was housed at SCI-Graterford and SCI-Smithfield clearly do not show that Plaintiff is in imminent danger as Plaintiff is no longer housed in either of those facilities. Additionally, the Complaint reflects that while Plaintiff has refused treatment for Hepatitis C in the past (see Exhibits A, B, and C), Plaintiff now accepts medical treatment. Complaint at ¶ 20.

Moreover, Plaintiff's claims of imminent danger in this case repeat several themes commonly found in many of his prior lawsuits.[3] Plaintiff has on numerous occasions filed lawsuits claiming that he was being deprived food or a sufficient diet. *See Brown v. Beard,* 492 F. Supp.2d 474 (E.D.Pa. 2007) (Brown's allegations that he was not being provided a diet appropriate for a prisoner with Hepatitis C was not sufficient to allege imminent danger of serious physical injury). And Brown often complains of insufficient or inadequate medical care, which numerous courts, including this court, have found do not invoke the imminent danger exception. *See Brown v. Wetzel,* Civil Action No. 15-cv-00645 (W.D. Pa filed May 19, 2015); *Brown v. Lyons*, 2013 WL 5629774 (E.D.Pa. Oct. 16, 2013); *Brown v. Pa. Dep't of Corr.,* 2011 WL 344078 (E.D.Pa. Feb. 1, 2011); *Brown v. Beard*, 2010 WL 1257967 (E.D.Pa. Mar. 25, 2010); *Brown v. Beard,* 492 F. Supp.2d 474, 479 (E.D. Pa. 2007).

Given Plaintiff's long history of abusive litigation and the generalized nature of Brown's claims of imminent danger in this lawsuit, all of which are substantially similar to claims made in prior lawsuits, the Court is not required to accept these allegations as true, pursuant to

---

[3] As other courts have noted, Brown "has filed well over twenty pro se matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments." *Brown v. PA Dep't of Corr.*, No. 93 M.D. 2011, 2012 WL 8666740, at *5 n. 7 (Pa. Commw. Ct. Mar. 29, 2012).

*Alexander Brown v. City of Philadelphia,* 331 F. App'x 898, 900 (3d Cir. 2009). Because Plaintiff has had three qualifying dismissals and he is not in imminent danger of serious physical injury, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g).

**Conclusion**

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days after service of this Report and Recommendation to file Objections to this Report And Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated August 15, 2016.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: ALTON D. BROWN
DL-4686
S.C.I. Greene
169 Progress Drive
Waynesburg, PA 15370
*Via U.S. Postal Mail*